Pickett, J.,
dissenting.
To bring a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge, the defendant must *410 make a prima facie showing that the state has- exercised peremptory challenges on the basis of race. Judge Ezell cites State v. Green, 94-887 (La. 5/22/95), 655 So.2d 272, for the proposition that once the trial court asks for a race-neutral reason for the peremptory challenge, the implication is that the trial court has concluded that the defendant has made the requisite showing. The matter before us is clearly distinguishable from Green. In Green, the state exercised 11 of its peremptory challenges on black veniremen, and only one on a white venireman. In this case, of the three black prospective jurors, one was seated on the jury, the state used a peremptory challenge on Ms. Scott after his challenge for cause was denied, and the state’s peremptory challenge to Ms. Simon is the subject of this Batson claim.
This interpretation of the rule, relied on by the' majority opinion, states that any time a judge asks the prosecutor to articulate a race neutral reason for the use of a peremptory challenge, the court has found a defendant has made a prima facie case of racial discrimination in the use of peremptory challenges. This interpretation of the rule effectively eliminates the defendant’s burden of proving a prima facie case based on the facts in the record. Even assuming this to be an |aaccurate application of the jurisprudence interpreting Bat-son, an appellate court always has the authority to review the trial court’s determination, whether tacit or express, on the issue of whether a. prima facie case of racial discrimination was established by the defendant. I agree with the prosecutor’s argument that the defendant failed to make a prima facie case of racial discrimination. Therefore, I find that the defendant’s Batson challenge must fail, and I respectfully dissent from the. majority’s opinion.
Furthermore, I find that the trial court did not err in admitting testimony about events that occurred in a separate traffic stop an hour and a half before the traffic stop that resulted in the defendant’s arrest for this offense. I would, therefore, affirm the defendant’s conviction and sentence.